# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON, | 1:13-cv-00625-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE |
| v. | (ECF No. 7) |
| M. P. HERNANDEZ, et al., | |
| Defendants. | FIFTEEN-DAY DEADLINE |

### I.    Screening Requirement and Standard

Plaintiff DeWayne Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 30, 2013. Plaintiff's first amended complaint, filed on March 19, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Allegations**

Plaintiff is currently housed at California State Prison, Sacramento. The events alleged in Plaintiff's complaint occurred while he was housed at Corcoran State Prison. Plaintiff names Correctional Officer M. P. Hernandez and Correctional Lieutenant F. Munoz in their individual capacities.

Plaintiff alleges as follows: In serious disciplinary procedures for indecent exposure, Investigative Employee M. P. Hernandez deliberately failed to discover an exculpatory witness—Officer O. Knight's partner. This witness was present when the alleged offense took place. Plaintiff contends that this witness could have attested to Plaintiff's "innocence of [him] urinating when O. Knight unexpectedly appeared at [Plaintiff's] cell front for someone calling her name while she walked the upper tier." (ECF No. 7, p. 4.) Plaintiff claims that M. P. Hernandez ridiculed Plaintiff while escorting him to the hearing, calling him a "weenie whacker" and questioning why he was fighting when he knew he was guilty. (ECF No. 7, p. 5.) Plaintiff

claims that M. P. Hernandez failed to provide him with the I.E. report twenty-four hours to hearing.

Plaintiff further alleges that F. Munoz, the hearing officer, counted all of his fundamental questions irrelevant "for witness and RVR officer that I wanted I.E. assigned to the both of us to gather information me, despite they would have produced additional relevant information, such as the identity of Knight's partner." (ECF No. 7, p. 5.) F. Munoz conducted the hearing despite Plaintiff not having the I.E. report twenty-four hours before the hearing. F. Munoz also denied Plaintiff's witness and RVR officer at the hearing, then lied in the hearing disposition that Plaintiff did not have any questions for witnesses. F. Munoz prevented Plaintiff from speaking at the hearing, telling Plaintiff to "shut up." (ECF No. 7, p. 5.) This culminated in Plaintiff's dismissal from the hearing before calling his witnesses.

Plaintiff asserts that his due process rights were violated and he lost 90 days of good time credit. Plaintiff also had to serve six months in the Security Housing Unit with a yellow placard placed on his cell signaling sexual offensive behavior. Additionally, Plaintiff asserts that he was confined to his cell, lost dayroom, lost phone calls and lost contact visits.

Plaintiff forwards claims for violation of the Eighth Amendment and violation of the Due Process Clause. He seeks compensatory and punitive damages.

### III. Discussion

Plaintiff is challenging the disciplinary investigation and hearing procedures instituted by Defendants Hernandez and Munoz. Plaintiff also challenges the resulting imposition of discipline, including placement in the SHU and loss of good time credits.

Plaintiff's section 1983 claim challenging the disciplinary proceedings is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). A state prisoner's section 1983 is not cognizable if success on the claim would necessary imply the invalidity of his sentence. Heck, 512 U.S. at 486–87. Further, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Edwards, 520 U.S. at 646. Here, a decision in Plaintiff's

favor would necessarily imply the invalidity of his guilty finding and the loss of his good-time credits, and would necessarily affect his release date.

Contrary to Plaintiff's assertion, he must first obtain favorable termination of his disciplinary proceedings before pursuing a section 1983 claim.  Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck, 512 U.S. 477); Edwards, 520 U.S. at 648 (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.  As Plaintiff has stated implicitly that he has not achieved a favorable termination, this defect cannot be cured by amendment.  Plaintiff's complaint therefore fails to state a cognizable section 1983.  As appropriate, Plaintiff may refile this action as a petition for writ of habeas corpus.

**IV.    Conclusion and Recommendation**

Based on the above, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may

///
///
///
///
///
///

file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 1, 2014**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE