# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON, | 1:13-cv-00625-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |
| v. | (ECF No. 13) |
| M. P. HERNANDEZ, et al., | |
| Defendants. | |

### I.  Procedural Background

Plaintiff DeWayne Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on April 30, 2013, and filed a First Amended Complaint on March 19, 2014.

On May 1, 2014, the Magistrate Judge issued Findings and Recommendations that this action be dismissed without prejudice as barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  Plaintiff filed objections and argued that the Findings and Recommendations were clearly erroneous and contrary to law.

On June 12, 2014, following consideration of Plaintiff's objections, the undersigned adopted the Findings and Recommendations in full and dismissed this action without prejudice. (ECF No. 11.)  The Clerk of the Court entered judgment on June 20, 2014.  (ECF No. 12.)  On

1  the same date, Plaintiff filed a motion to alter or amend the judgment.  The motion was dated
2  June 18, 2014.  (ECF No. 13, p. 6.)
3        On July 14, 2014, Plaintiff filed a notice of appeal.  The appeal was processed to the
4  United States Court of Appeals for the Ninth Circuit on July 16, 2014.
5        On July 17, 2014, the Ninth Circuit issued an order finding the notice of appeal
6  ineffective and holding the appeal in abeyance pending this Court's resolution of Plaintiff's June
7  20, 2014 motion.  (ECF No. 18.)

**II.     Motion to Alter or Amend the Judgment**

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992).  A motion to alter or amend a judgment pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

According to the record, Plaintiff signed the motion and presumably delivered it to prison officials for mailing on June 18, 2014.  Applying the prison mailbox rule, the motion is therefore considered filed on June 18, 2014.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  At that point in time, the Clerk of the Court had not entered judgment in this matter.  As such, Plaintiff's motion to alter or amend the judgment was premature.

Even if considered timely filed, however, Plaintiff has presented no basis supporting the requested relief.  Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).

As with his objections to the Findings and Recommendations, Plaintiff claims that the Court's decision is clearly erroneous and involves an unreasonable application of the law.

Plaintiff asserts that he has presented distinguishable procedural defects sufficient to withstand the Heck and Edwards bar.

Plaintiff appears to assert that he is challenging only the procedures, not the resulting loss of good-time credits, and that he is entitled to nominal damages. See, e.g., Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978). However, the Supreme Court in Edwards essentially rejected application of this principle in every case, finding that due process challenges to disciplinary proceedings that necessarily imply the invalidity of a loss of good-time credits are not cognizable under section 1983. Edwards, 520 U.S. at 645-48.

Here, Plaintiff has asserted that he was deprived of both a proper investigation and a fair hearing, including allegations of bias by the investigator, refusal of the hearing officer to ask specified questions, refusal of the hearing officer to allow Plaintiff witnesses at the hearing, refusal of the hearing officer to allow Plaintiff to speak, and lying by the hearing officer. The nature of Plaintiff's challenge to the procedures prior to and during the hearing necessarily implies the invalidity of the deprivation of his good-time credits. Edwards, 520 U.S. at 648 (allegations of deceit and bias on the part of the decision-maker necessarily implied the invalidity of the punishment imposed and were not cognizable under section 1983). Given the application of Edwards to Plaintiff's allegations, the Court finds no basis to alter or amend its judgment.

**III.   Conclusion and Order**

For the reasons stated, Plaintiff's motion to alter or amend the judgment, filed on June 20, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   August 7, 2014                          _____
                                                  SENIOR  DISTRICT  JUDGE